
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON KAMBON, | |
|     Petitioner, | No. 2:11-cv-1013 LKK EFB P |
| vs. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
|     Respondent. | FINDINGS AND RECOMMENDATIONS |
|                                          / | |

      Petitioner is a state prisoner without counsel proceeding with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the sentence he received on a 2007 conviction for corporal injury, corporal injury on a co-habitant, assault by means of force likely to produce great bodily injury, and false imprisonment. Specifically, he claims that there was insufficient evidence to prove that his prior conviction for battery qualified as a "strike" under California's Three Strikes Law. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

////

////

I. **Factual Background**[1]

Following a jury trial in which defendant Theon Marcel Kambon represented himself, a jury convicted him of corporal injury on a cohabitant, assault by means of force likely to produce great bodily injury, and false imprisonment, each against A.J.; the jury also convicted him of corporal injury to B.K., the mother of his child. In a trial by court, the court found defendant had a prior serious felony conviction within the meaning of Penal Code section 667, subdivisions (a) and (b)-(I). (Undesignated statutory references that follow are to the Penal Code.) For these convictions as well as those in another case for which defendant was on probation, he was sentenced to prison for 10 years four months.

On appeal, defendant contends reversal of his convictions is required because the trial court erred by . . . (3) finding true the prior strike allegation . . . . . We reject each contention and affirm the judgment.

**Facts and Proceedings**

**Charged acts of violence against A.J.**

In July 2007, A.J. was living with defendant in a romantic relationship. On July 27, A.J. called defendant and he told her he was in a room at a Motel 6. A.J. went to the room, discovered that it was registered in "some girl's name," and there were condom wrappers on the floor. When she questioned defendant about these circumstances, he became angry and, over that night and the next day (July 28), beat her with his hands and fists, choked and kicked her, and took her clothes and put them in his car so that she could not leave. He eventually gave her back her clothes and she went to the front desk, rented her own room, and called the police.

Officer Matthew Villarreal responded to A.J.'s call. She was frightened and had multiple bruises around her eye, head, forearm, and legs.

**Uncharged acts of violence against A.J.**

On March 29, 2007, defendant and A.J. were in Carson City, Nevada, drinking and arguing in a car. Defendant struck A.J. in the head with one of her high-heeled shoes, hit her more than five times in the head and arms with his hands, and choked her into unconsciousness. She escaped, ran back to their hotel and the police were called. A.J. was very bloody, some of her hair had

---

[1] In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary.

2

been pulled from her head, and she was crying and hysterical. An examination of the car wherein the assault took place revealed blood on the seats, windows, doors, and dashboard.

**Charged acts of violence against B.K.**

B.K. testified that she and defendant dated from 2004 to 2006 and that he was the father of her son. On July 1, 2006, she was asleep in her apartment when she was awakened by defendant who was angry. Defendant slapped her, hit her head against the headboard, and grabbed her face so hard that it left bruises. Photographs showed the injuries she had received.

**Uncharged acts of violence against B.K.**

On January 9, 2005, B.K. went to defendant's apartment to get her keys from him. When she told him why she was there he grabbed her by the hair, pulled her into the bedroom, hit her in the face and upper body, and threw her into a wall.

On June 28, 2007, defendant came to B.K.'s residence looking angry and upset. He grabbed her by the hair as she tried to walk to her bedroom, then grabbed her by the face and squeezed her jaw. B.K .'s niece, J., who had been asleep, heard Boupheng's screams as she came toward J.'s room. B.K. came into the room followed by defendant who grabbed B.K. by the hair and face.

**Uncharged acts of violence against Jamie D.**

Jamie D. was the mother of two of defendant's children. On July 1, 2006, defendant came to her residence early in the morning and climbed into bed with her. When she rebuffed his attempts to touch her, he became angry but left the room. She fell back asleep, but was awakened by defendant straddling her and yelling. He choked her and for an hour hit her on the face and head. After he left she went to the hospital where she received treatment for injuries to her eye and swelling to her face, chest, and arms.

**Uncharged acts of violence against M.G.**

On July 17, 2006, defendant arrived uninvited at the residence of M.G., the mother of two of defendant's children. While the two were discussing their daughter, defendant became angry, struck Marigold in the face three times with his fist, causing a welt on the side of her face and bruising to her jaw. She reported the attack to the police.

////

////

3

> **Defense**
>
> Defendant denied committing the assaults testified to by A.J., B.K., Jamie, and Marigold. He also presented witnesses who testified that they had never seen or heard of defendant hitting any woman.

Answer, Dckt. No. 17, at 11-12.

After the California Court of Appeal issued its decision, petitioner filed a timely petition for review in the California Supreme Court. The Supreme Court summarily denied review by order dated May 12, 2010. Petition, Dckt. No. 1, at 13.

## II.     Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. *Stanley v.*

*Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (*citing Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.___, ___, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

5

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir. 2003).[3]

### III.   Petitioner's Claim

Petitioner's sole claim is that there was insufficient evidence to support the trial court's finding that his prior conviction for battery qualified as a "strike" under California's Three Strikes Law. Pet. at 2. As discussed below, whether or not a prior conviction properly constitutes a "strike" under California's Three Strikes Law involves an interpretation of state sentencing law.

The background to this claim is the following. In 2005, petitioner entered a no-contest plea to a violation of Cal. Penal Code § 243(d) (battery). *Id.* During a *Faretta*[4] hearing in the instant case, petitioner's trial counsel (Mr. Kurtz) informed the trial judge that if petitioner's prior battery conviction was going to be considered a "strike prior" under California's Three Strikes Law, petitioner had valid grounds to withdraw his plea in the battery case and wished to do so. Reporter's Transcript on Appeal (RT) at 1. The trial judge advised petitioner that he was entitled to represent himself at trial, but that any challenge to his prior battery conviction would be "complex." *Id.* at 11. Petitioner responded that he wished to retain counsel for the limited purpose of challenging his plea to the 2005 battery charge. *Id.* The trial judge advised that petitioner could not keep his current counsel for the limited purpose of challenging his prior conviction. *Id.* at 15. The following colloquy then occurred:

////

---

[3] The United States Supreme Court has recently granted certiorari in a case apparently to consider this issue. *See Williams v. Cavazos*, 646 F.3d 626, 639-41 (9th Cir. 2011), *cert. granted in part*, ___U.S.___, 132 S. Ct. 1088 (2012).

[4] *Faretta v. California*, 422 U.S. 806, 821 (1975) (a criminal defendant has a constitutional right to represent himself at trial).

7

> THE COURT: Mr. Kambon, what do you want to do? Again, we talked about this on Friday. There's an issue according to Mr. Kurtz, may be a major issue regarding the prior conviction. You've got a jury trial. On Friday I said it's probably not in your best interest to represent yourself. Do you want me to continue to keep the public Defender's Office on this case so that they can deal with those issues?
>
> THE DEFENDANT: Your Honor, I do not want the Public Defender's Office on my case. If possible, I'd like an attorney from the panel. But as it is my right, I have the right to self representation and adequate defense counsel. That's all I'm asking for. Mr. Kurtz has not been adequate. We have had a breakdown in communication from day one.

*Id.* at 19. Petitioner was subsequently granted the right to represent himself at trial.

On November 21, 2007, petitioner filed a document entitled "motion for grant of joint suspension." Clerk's Transcript on Appeal (CT) at 283. From what the court can decipher, this motion argued that petitioner's 2005 plea of nolo-contendere to the battery was involuntary and should be set aside. *Id.* at 298-303. As explained below, the sentencing judge denied petitioner's "motion for grant of joint suspension" without oral argument. Traverse, Dckt. No. 19, at 34.

Petitioner has also provided evidence that he filed a "motion to strike prior convictions." *Id.* at 23. Although petitioner has not filed the entire motion to strike, the portions that he has filed indicate that this motion also argued that his 2005 plea of nolo contendere was not knowing, intelligent, and voluntary and should therefore be set aside. *Id.* at 25. It appears that petitioner's motion to strike was not made part of the trial record because it is not contained in the Clerk's Transcript on Appeal. There is no evidence that the trial judge ruled on petitioner's motion to strike.

The information in this case alleged that petitioner's prior battery conviction qualified as a "strike" under California's Three Strikes Law. CT at 20. After petitioner was convicted of the substantive offenses, a court trial was held on the prior conviction allegations. The only evidence offered by the prosecutor to prove that petitioner's prior battery conviction qualified as

a "strike" was a minute order showing that petitioner pleaded nolo contendere to a violation of Cal. Penal Code § 243 in 2005. RT at 868; CT at 429. Petitioner told the judge that at the time he pled guilty to the 2005 battery, he believed he was pleading guilty to a misdemeanor. RT at 869. He also stated that he was told by his trial attorney that the battery conviction could not be used in any subsequent proceedings as a "felony prior." *Id.* Petitioner further explained that the strike was "amended" after he entered his guilty plea. *Id.* The sentencing judge then ruled that the prior strike allegation was true. *Id.* at 870.

At petitioner's sentencing hearing, the judge first considered petitioner's written motion for "joint suspension." The court construed this motion as a "request that [petitioner's] prior conviction not be considered to be a serious or violent felony as enumerated in Penal Code section 1192.7 or section 667." *Id.* at 880. The court noted that petitioner's motion in this regard was a "repeat of arguments that the Court heard during trial and post trial; an argument that, in effect, the Court should not consider the 243(d) offense to be a strike . . . ." *Id.*

The judge then proceeded to read into the record excerpts from the sentencing hearing on petitioner's 2005 battery conviction, as follows:

> THE COURT: The Court denies the motion for the same reasons I have denied the motion previously. It is clear from the transcript of the sentencing and plea in the '04 case – the Court did receive a copy of the reporter's transcript of the felony change of plea, and the judgment and sentence from the September twentieth, 2005, and October nineteenth, 2005, hearings.
>
> Reviewing the transcript, it's clear that the defendant, Mr. Kambon, was fully advised that this was a strike offense, and it was discussed on the record. He acknowledged the fact that this was a strike offense, and that he was pleading to a felony.
>
> On page seven of the September twentieth, 2005, transcripts, Mr. Roldan, representing the People, indicates that the defendants – there were two defendants, Mr. Kambon, being one of them, would be admitting that their violations of Count Two would be serious felonies pursuant to 1192.7(c)(8).
>
> And he noted – goes on to say, I would note that I need to amend the information by interlineation on page two at line seventeen. It should say, beginning at line sixteen, Notice, the above offense is a

9

1 serious felony within the meaning of Penal Code section 1192.7(c).

2 It should say, (c)(8), as opposed to just (c).  So there should be an (8) in parenthesis after the (c), and I ask the Court to amend that by
3 interlineation.  The Court did so.

4 The Court asked Mr. Kambon, have you had adequate opportunity to discuss – asked counsel for Mr. Kambon – he was represented
5 by counsel at this hearing.

6 Counsel, have you had an adequate opportunity to discuss with Mr. Kambon the elements of this crime, possible defenses he might
7 have, his constitutional rights, and the direct consequences of this plea?
8
Mr. Daily, representing Mr. Kambon, said, Yes, your Honor.  You
9 are satisfied he understands these things?  Yes, your Honor.

10 The Court, to Mr. Kambon: Mr. Kambon, as to this matter it does carry a potential prison sentence of a low term of two years,
11 midterm of three years, and an upper term of four years.

12 You are not going to be sentenced to state prison at the outset.  You will be granted probation in this matter.
13
Mr. Kambon has argued that because of that, he believes that as a
14 matter of law, this should be considered a misdemeanor.  It is not the law.
15
It was plead as a felony.  He was told it was a felony.  Imposition
16 of sentence was suspended, but that does not make this, as a matter of law, a misdemeanor offense.
17
It was explained to Mr. Kambon by Judge Garcia, if you violate
18 any term or condition of your probation, probation could be revoked, and you could be sent to prison for up to four years.
19
If that takes place, once you have concluded your prison sentence,
20 you would be subject to an additional five years of parole supervision.
21
Do you understand?  Mr. Kambon answered, Yes, your Honor.
22 Judge Garcia went through fully the rights of the defendant.  The defendant voluntarily and knowingly waived those rights, as
23 reflected in the transcript.

24 Mr. Kambon entered a no contest plea.  He was – it was explained to him that entering a no contest plea was – in fact, had the same
25 effect for purposes of the criminal proceedings as a plea of guilty.

26 Mr. Kambon acknowledged he understood that.  On page eleven,

10

1          there is a discussion between Judge Garcia and Mr. Kambon.

2          Judge Garcia says, Other than what's been said here in open court,
           when I have taken the bench, and we have all been here together,
3          has anyone else made any promises to you about penalty or
           punishment in this matter, other than what the district attorney has
4          said?

5          Mr. Kambon answered, No, your Honor. I just wanted to make
           sure I understood. When there is a stipulation about the strike, I
6          have to go back and have it removed after three years on my own,
           or it just happens on its own?

7
           Judge Garcia explained, You have to come to court and petition
8          the court. There is a form for that purpose that you have to come
           to court and get, or look up your attorney and ask – you know, ask
9          your attorney to do it for you. Mr. Kambon indicates, Okay.

10         MR. KAMBON: That's where I make my claim – the fact that
           that's not true. You can't come back and have a strike removed
11         after it's been held as a strike.

12         THE COURT: I understand your claim. As a matter of law, I'm
           ruling against it, given the Court made a finding on page fifteen,
13         that there was a factual basis for the entry of plea and Mr.
           Kambon's admission.

14
           Further, that Mr. Kambon made his plea and his admission
15         knowingly, intelligently and voluntarily; also made his waivers of
           his constitutional rights knowingly, intelligently and voluntarily.

16
           The Court accepted and approved the plea of no contest and found
17         Mr. Kambon guilty of a violation of section 243(d) of the Penal
           Code, battery and serious bodily injury, as well as the admission of
18         infliction of great bodily injury.

19         Sentencing took place on Monday, October nineteenth, 2005. Mr.
           Kambon again was present. And again, imposition of sentence
20         was suspended.

21         And Mr. Kambon received a sentence of five years' formal
           probation. He was further ordered to serve 90 days on the
22         Sheriff's Work Program, 540 hours in the Alternative Sentencing
           Program. There was a discussion between Mr. Kambon and the
23         Court concerning the length of his probation.

24         He initially believed it would be three years' probation. In fact, he
           says, I did have a different understanding last time we spoke.
25
           I [sic] was my understanding that I would be given three years
26         probation, and the case would be dropped to a misdemeanor –

11

obviously indicating he knew it was a felony – if I completed three years of probation successfully. That was my initial understanding.

The Court: It is my understanding, and then I can go back and look. But it was my understanding if you completed three years of probation successfully, you can petition to make it a misdemeanor, and probation would be terminated. Again, acknowledging that this was a felony offense.

The defendant: So five years, though? The Court, Judge Garcia: Five years at this juncture. Basically you earn your way to three years, earn you way to a misdemeanor by not having any other interaction with the law.

On page twenty-nine of the transcript, You do have the ability based – this is Judge Garcia – based on all the things that have been discussed here in open court, taking the plea, as well as the alternative sentencing, if you stay free from arrest and conviction, that the district attorney would not oppose your making this a misdemeanor.

That can be brought before the Court in three years. And I would urge you to bring it back to this Court because I will have knowledge of it.

But again, the record is pretty clear that that is the intent, so any judge should be able to do that. The defendant: Thank you, your Honor. The Court: Do you accept probation under those terms? The Defendant: Yes, your Honor.

THE DEFENDANT: Your Honor, if those terms aren't true, how did I knowingly and willingly – if those terms aren't true of what happened, it can't be done that way, how did I knowingly and willingly enter my plea?

That's where I'm lost. I'm lost. If the judge instructed me to the law as to something that is not true, meaning that my misdemeanor cannot be dropped – I mean my felony couldn't have been dropped to a misdemeanor, based on expungement of it or whatever, how did I knowingly and willingly enter a plea?

THE COURT: Again, the transcript speaks for itself. The motion for grant of joint suspension is denied.

RT at 880-85.

After the judge read these transcripts into the record, the prosecutor commented that at the time petitioner committed the instant offenses, he was on probation for the 2005 battery. *Id.*

12

at 893.  The prosecutor stated that petitioner had assaulted an unarmed "homeless man" and caused injuries that "included a broken arm, nose, jaw, and skull." *Id.*  The trial judge responded:

> THE COURT: Just so you know, in response to that, the transcript does reflect, the People are acknowledging that initially the victim in the 243(d) picked up a crowbar.
>
> And he was immediately disarmed and then beaten by Mr. Kambon and the co-defendant.  But just so you know, the factual basis was an acknowledgment by the People that initially the victim in that case did pick up a crowbar.
>
> But it went beyond self-defense, as the Court found, as the defendants admitted to all the injuries that you discussed, were all admitted to as part of the factual basis.
>
> He was beaten very badly to the point where he did end up in the hospital.  So I agree with your statement.  He certainly wasn't the type of person that could have stood up to Mr. Kambon or the other person.
>
> And there is, as part of the factual basis, the fact Mr. Kambon picked up, in the 243(d) case, some type of wooden instrument and beat the man to the point where he ended up in the hospital.
>
> Once he was on the ground, they continued to kick him and severely beat him.
>
> THE DEFENDANT: Your Honor, what –
>
> THE COURT: It's part of the record.  That's part of the factual basis that was stipulated to.

*Id.* at 893-94.

Petitioner raises several arguments with respect to this series of events.  First, he claims that the information before the sentencing judge was insufficient to support a finding that the 2005 battery conviction qualified as a "strike" under the Three Strikes Law. Pet. at 2.  Petitioner argues that the only valid evidence before the sentencing judge was the minute order offered by the prosecutor, which does not provide enough information to support a finding that petitioner's 2005 conviction constituted a valid strike. *Id.* at 5.  He also argues that it was improper for the sentencing judge to read information into the record in order to support his finding that the 2005

1 conviction was a strike. He notes that the transcript read by the judge "was not entered into
2 evidence." *Id.*

3 Petitioner also argues that the transcript read into the record by the sentencing judge
4 pertained to his co-defendant and not to him, and was "actually not true." Traverse at 14; Pet. at
5 4, 5. Similarly, he argues that the information quoted by the judge does not match the actual
6 record and is "false as they were not the documents the judge alleged they were." Pet. at 6;
7 Traverse at 12. Petitioner also complains that the transcript was not provided to him in
8 discovery. Pet. at 4, 5. He alleges that the sentencing judge "never said where he got the
9 information he used against Petitioner to support his ruling that the Petitioner suffered a prior
10 serious felony conviction." Traverse at 15-16.

11 Petitioner argues that if he had been provided with the extra-record information used to
12 support the prior strike allegation, he could have argued that the trial judge misquoted the
13 transcript at the sentencing hearing and that his prior battery conviction was invalid because it
14 was the product of "an illegal plea agreement." Pet. at 8-9. Petitioner claims that the use of this
15 transcript to support a finding that his prior conviction qualified as a strike violated his rights to
16 due process and equal protection. *Id.* at 4-5. He also argues that because the facts of this case
17 are "unique," he should be excused from any procedural default arising from his failure to object
18 at trial to the sentencing judge's use of the extra-evidence material to find that his prior battery
19 conviction was a "strike." Traverse at 17-18.

20 In essence, petitioner is arguing two separate but related claims: that the evidence used
21 to support the enhancement of his sentence under the Three Strikes Law is insufficient; and that
22 the trial court erred in relying on evidence outside the record to support his finding that
23 petitioner's prior battery conviction qualified as a "strike."

24 ////
25 ////
26 ////

14

The California Court of Appeal rejected all of these arguments, reasoning as follows:

> **Prior Conviction**
>
> Defendant contends that the evidence was insufficient to prove that his prior conviction for battery with serious bodily injury, a violation of section 243, subdivision (d), qualified as a serious felony within the meaning of section 1192.7, subdivision (c)(8). We disagree.
>
> A criminal offense qualifies as a serious felony if it comes within the description of any of the circumstances listed section 1192.7, subdivision (c). Subdivision (c)(8) of this section refers to "any felony in which the defendant personally inflicts great bodily injury on any person . . . ."
>
> In determining whether a prior conviction is a serious felony within the meaning of section 1192.7, subdivision (c), the trial court may look to the "entire record of the conviction," which includes a reporter's transcript. (*People v. Sohal* (1997) 53 Cal.App.4th 911, 915.)
>
> Here, the trial court read into the record a portion of the reporter's transcript of defendant's plea to the section 243, subdivision (d) violation. That portion established that defendant was fully advised that he was pleading to a strike offense within the meaning of section 1192.7, subdivision (c)(8), that he admitted committing "great bodily injury," and that the factual basis for the offense showed that defendant struck the victim with "some type of wooden instrument" and that when the victim fell to the ground the defendant and his accomplice kicked and "severely beat" the victim so badly that he ended up in the hospital. Consequently, sufficient evidence supports the trial court's finding that defendant's prior conviction for violation of section 243, subdivision (d) was a strike.
>
> Defendant also "objects" to our consideration of the court's recitation of the transcript of the plea because that transcript was not made part of the appellate record. However, defendant never objected to the court's recitation or to its consideration of that recitation as evidence. Hence, any complaint in this regard is forfeited for appellate review. (Evid.Code, § 353; *People v. Rogers* (1978) 21 Cal.3d 542, 545.)

Answer at 15.

Habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial or appellate court, unless the error resulted in a complete miscarriage of justice. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Hendricks v.*

15

*Zenon*, 993 F.2d 664, 674 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).  So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern."  *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976).  Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law.  *See, e.g., Miller v. Vasquez*, 868 F.2d 1116 (9th Cir. 1989).  Thus, in *Miller*, the court refused to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements.  Id. at 1118-19.  The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law.  *Id.* (quoting *Middleton*, 768 F.2d at 1085).

As previously noted, whether or not a prior conviction properly constitutes a "strike" under California's Three Strikes Law involves an interpretation of state sentencing law.  Federal courts are "bound by a state court's construction of its own penal statutes," *Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993), and this court must defer to the California courts' interpretation of the California Three Strikes Law unless its interpretation is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation."  *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989.)  There is no evidence of that here.

In any event, petitioner's sufficiency of the evidence claim lacks merit.  California Penal Code § 1192.7 provides, in relevant part, that the commission of a "serious felony," which includes any felony in which the defendant personally inflicts great bodily injury on any person, should be prosecuted as a strike.  Petitioner argues that there was insufficient evidence before the

16

sentencing judge that his 2005 battery involved the infliction of great bodily injury. When considering a claim of insufficient evidence, "'a reviewing court must consider all of the evidence admitted by the trial court,' regardless whether that evidence was admitted erroneously." *McDaniel v. Brown*, ___ U.S. ___, 130 S.Ct. 665, 672 (2010) (citation omitted). Considering all of the evidence before the sentencing judge in this case, including the evidence read into the record by the judge, there was clearly sufficient evidence to support a finding that petitioner's 2005 conviction for battery involved the infliction of great bodily injury and was therefore a valid strike. Specifically, as noted by the state appellate court, the state court record reflects that petitioner beat his victim so severely that he was admitted to the hospital. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (there is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Accordingly, petitioner is not entitled to relief on his claim of insufficient evidence.

As set forth above, petitioner also argues that the sentencing judge improperly relied on extra-record transcripts from his 2005 battery conviction to find that the conviction constituted a serious felony for purposes of the Three Strikes Law. The California Court of Appeal found that petitioner forfeited this claim by failing to raise a contemporaneous objection in the trial court. Even assuming arguendo that this claim is not forfeited and that a challenge to the admissibility of evidence used to support a sentence enhancement constitutes a federal constitutional claim, petitioner is not entitled to relief.

The Due Process Clause is violated if evidence is introduced "that is so unduly prejudicial that it renders the trial fundamentally unfair." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991) (citing *Darden v. Wainwright*, 477 U.S. 168, 179–183 (1986)). The relevant question is whether the evidence introduced "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). For the following reasons, the sentencing court's

17

reliance on the transcript of petitioner's 2005 battery conviction to support his finding that the conviction constituted a valid strike did not render petitioner's sentencing proceedings fundamentally unfair.

The information relied on by the trial judge consisted of court files in the public record. Petitioner was present at his 2005 sentencing hearing and knew what had occurred, yet he did not object to the substance of what the trial judge was reading into the record or attempt to correct the record in any way. Indeed, petitioner appeared to largely concede the judge's recitation of what occurred at the 2005 hearing. The information read into the record by the trial judge clearly supports his conclusion that the 2005 battery involved the infliction of great bodily injury on the victim. Petitioner's allegation that the transcript pertained only to his co-defendant or was "false" is not supported by the record before this court. Further, Petitioner was sentenced by a judge, not a jury. "Trial judges are presumed to know the law and to apply it in making their decisions." *Walton v. Ariziona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002). This court must presume the sentencing judge in this case focused only on proper evidence. *See Gretzler v. Stewart*, 112 F.3d 992, 1009 (9th Cir. 1997) ("in the absence of any evidence to the contrary, [the Court] must assume that the trial judge properly applied the law and considered only the evidence he knew to be admissible") (citing *Walton*, 497 U.S. at 653).

To the extent petitioner is challenging the validity of his prior battery conviction, his claim is not cognizable in the instant federal habeas petition. 18 U.S.C. § 2254 does not provide a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired. *Lackawanna v. Coss*, 532 U.S. 394 (2001). This court also notes that, absent special circumstances not present here, there is no federal constitutional requirement that a no contest plea in state court be supported by a factual basis. *See Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985). Accordingly, any challenge to the sufficiency of the evidence to support petitioner's plea of nolo contendere to the 2005

18

battery lacks merit and should be denied.[5]

In the traverse, petitioner argues that the trial judge was biased and impartial and improperly assumed the role of a prosecutor at the sentencing proceedings by "read[ing] into the record information against the petitioner with out this information being presented by the prosecution." Traverse at 8-10. These claims raised in the traverse are not properly before the court. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief"). In any event, there is no evidence in the record that the trial judge harbored any bias against petitioner. Accordingly, any such claim should be denied.

For all of the reasons set forth above, the California courts' denial of petitioner's challenges to his sentence was neither contrary to nor an unreasonable application of federal law.

### III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

---

[5] Under California law, a no contest plea has the same effect as a plea of guilty. *See, e.g., People v. Mendez*, 19 Cal.4th 1084, 1094-95 (1999). Accordingly, federal constitutional principles governing guilty pleas apply to petitioner's claims in the instant case. *See Miller v. McCarthy*, 607 F.2d 854, 856 (9th Cir. 1979).

event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: September 13, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE